IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SWEET,<br><br>        **Plaintiff**,<br><br>    v.<br><br>BRIDGE BASE, INC. a Nevada corporation, BRIDGE BASE INC., a Nevada corporation d/b/a BRIDGE BASE ONLINE, and BRIDGE BASE ONLINE, LTD. a Nevada corporation,<br><br>        **Defendants.** | CV F 08-1034 AWI GSA<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS THE COMPLAINT.**<br><br>[Doc. # 54] |

**INTRODUCTION**

This is an action in diversity for breach of express or implied contract by plaintiff Cynthia Sweet ("Plaintiff") against defendants Bridge Base, Inc. and Bridge Base Online ("Defendants"), Nevada corporations that organize online bridge tournaments. The First Amended Complaint ("FAC") alleges one count of breach of express contract and one count of breach of implied contract, both under California common law. The parties agree that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Venue is proper in this court.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Plaintiff alleges that she and a number of individuals started "one of the first 'for profit' online bridge tournament websites in the world in 2004." Plaintiff alleges she entered

into the "joint enterprise and venture with the Defendants in return for at least 5% of the gross revenue generated by tournament revenue rather than a percentage of the business or an equity position as an owner of the company. Doc.# 52 at ¶ 8. It is Plaintiff's contention that her agreement with Defendants obliged Defendants to continue paying her the 5% share of gross revenue commencing in 2004 with the formation of the company and continuing "without limitation." Id. Plaintiff alleges she was paid from June 2004 through February 2007. Plaintiff alleges she has not been paid since that time.

The FAC alleges Plaintiff is an avid bridge player with experience in directing and participating in online bridge tournaments. FAC at ¶ 9. Plaintiff alleges she "not only offered extensive technical, process and procedural knowledge to the team but also acted as a sales person and advertising and marketing director." FAC at ¶ 11. The FAC alleges Plaintiff "worked with Defendants to create, launch, and maximize the income from this business," id., but the FAC does not allege whether or to what extent Plaintiff's participation was, or was expected to be, ongoing in the Defendant companies. The FAC alleges Plaintiff "continued to contribute to the development and growth of the Web Business until she was removed from the business in February 2007 by having her administrative status suspended and authority removed."

Plaintiff's first claim for relief alleges the existence of an express contract obliging Defendants to pay Plaintiff a percentage of the gross revenue from Defendants' tournaments "as compensation for [Plaintiff's] contributions to the development and administration of the Web Business' ACBL tournaments." FAC at ¶ 48. So far as the court is aware, no writing has been submitted, nor is any writing referenced by either party. In her first claim for relief, Plaintiff alleges Defendants were unjustly enriched, but the FAC does not appear to assert a claim for unjust enrichment. Plaintiff's second claim for relief alleges the existence of an implied contract under which Plaintiff performed all her duties.

The FAC was filed on March 3, 2009. Defendants' motion to dismiss was filed on

March 19, 2009. Plaintiff filed an opposition on April 27, 2009, and Defendants filed their reply on May 4, 2009. Oral argument scheduled for May 6, 2009, was vacated and the matter was taken under submission by the court as of that date.

**LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

**DISCUSSION**

There is a good deal of agreement or at least non-dispute between the parties as to the factual background of this action. While the parties dispute whether there is/was an enforceable express contract between the parties, there is no doubt that no writing has been appended to the complaint nor has any writing been referred to by Plaintiff. Thus, from the perspective of this court's analysis of the motion to dismiss, if there is or was an express agreement between the parties, it was in the nature of a oral agreement. The parties also agree that between June 2004, and February 2007, the parties carried out activities in

accordance with what Plaintiff alleges were the terms of the express agreement. That is, Plaintiff lent her time, expertise and goodwill to the growth and development of the online bridge tournament business and Defendants paid Plaintiff 5% of the gross revenues realized from the online bridge tournament business. Although Defendants argue at some length that Plaintiff cannot assert any claim against Defendants based on any representation that Plaintiff and Defendants were co-venturers in the online business, Plaintiff clarifies in her opposition to the motion to dismiss that she does not claim any co-venturer or equity status. Thus, the parties agree that Defendants' obligations to Plaintiff arise, if at all, from a contractual agreement between Defendants and Plaintiff and not as a result of Plaintiff having any equity or co-ownership interest in the enterprise.

Plaintiff's action, and Defendants' motion dismiss, distills into two claims. First, Plaintiff claims she and Defendants entered into an express contract whereby Defendants agreed to pay 5% of the gross revenues realized from the online bridge tournament business on a continuing basis in exchange for Plaintiff's effort and expertise in setting up and growing the online business. Defendants assert that Plaintiff has failed to assert a claim upon which relief can be granted because the alleged "express" contract fails to satisfy California's Statute of Frauds. Second, Plaintiff claims in the alternative that an agreement granting Plaintiff 5% of the gross revenues on a continuing basis from the online bridge tournament business in return for Plaintiff's efforts in the startup and growth of the enterprise can be implied by the court based on the conduct of the parties. Defendants contend that an agreement for payment in perpetuity cannot be inferred. The court will consider each of Plaintiff's claims in turn.

**I. Express Contract – Statute of Frauds**

California Civil Code section 1624 subdivision (a)(1) "invalidates 'an agreement that by its terms is not to be performed within a year from the making thereof' unless the contract 'or some note or memorandum thereof, [is] in writing and subscribed by the party to be

4

charged or by the party's agent.'" <u>Foley v. Interactive Data Corp.</u>, 47 Cal.3d 654, 671 (1988). Courts have interpreted subdivision (a)(1) "literally and narrowly." <u>Plumlee v. Poag</u>, 150 Cal.App.3d 541, 548 (2nd Dist. 1984). "[A]n oral contract is invalid under subdivision [(a)(1)] only where by its *very terms* it cannot be performed within a year from the date it was made." <u>Id.</u> (italics in original). "Accordingly, if by its terms performance of a contract is possible within one year, the contract does not fall within the statute [of frauds] even though it is probable that it will extend beyond one year. [Citations.]" <u>Id.</u> at 548-549; <u>see also</u> <u>Foley</u>, 47 Cal.3d at 673 ("if a condition terminating a contract may occurs within one year of its making, then the contract is performable within a year and does not fall within the scope of the statute of frauds. This is true even if the contract may extend for longer than one year if the condition does not occur"). It also does not matter that Defendants obligation to pay may necessarily require a determination of sales income that occurred later than one year from the formation of the contract. See <u>Multifamily Captive Group, L.L.C. v. Assurance Risk Managers, Inc.</u>, 578 F.Supp.2d 1242, 1248 (E.D. Cal. 2008) (finding Statute of Frauds does not render oral contract to pay commission unenforceable where plaintiff could completely perform within one year and defendant was only required to make commission payments on ongoing sales revenues).

      The parties are somewhat ambiguous with regard to how they categorize the "express agreement." Based on Plaintiff's representation that the agreement promised what is essentially a commission on sales in exchange for her work and expertise in developing and growing the online tournament company, and based on the agreement of the parties that Plaintiff has no equity or ownership stake in the enterprise, the court concludes the alleged express agreement is in the nature of an employment agreement. See <u>White Lightning Co. V. Wolfson</u>, 68 Cal.2d 336, 343 (1968) (recognizing an oral contract based on employer's annual receipts as an employment contract not invalidated by the Statute of Frauds). Where the breach of an employment agreement of indefinite duration is alleged, courts have

recognized several mechanisms by which termination of the agreement could occur within one year of its formation. These events include the death of the employee and the cessation of business of the enterprise. See Foley, 47 Cal.3d at 673-674.

Defendants characterize Plaintiff's claim as an entitlement to 5% of the revenues from online bridge tournaments *in perpetuity*. This is not entirely accurate. While Plaintiff claims she is entitled to 5% of the revenues, the claim is limited at least by the generation of those revenues through the sale of online bridge tournaments. Thus, the discontinuance of the sale of bridge tournaments by Defendants within one year, however remote that possibility may have been, would have operated to terminate the contract. Given there is no allegation that the income stream Plaintiff claims is due her was assignable to her estate, the court may also presume that the death of Plaintiff would have also served to terminate the contract if such had occurred within a year of the contract's formation.

The court concludes that the alleged express agreement was, by its terms, an agreement of indefinite duration but one that could not be said to require more than one year for its completion by its own terms. The court therefore finds the alleged express agreement is not made unenforceable by the terms of California's Statute of Frauds. The court finds Defendants have failed to carry their burden to show that, with respect to Plaintiff's first claim for relief, Plaintiff has failed to allege a claim upon which relief can be granted. Defendants' motion to dismiss will therefore be denied as to Plaintiff's first claim for relief.

Because the court finds California's Statute of Frauds does not apply to render unenforceable the alleged express agreement between Plaintiff and Defendants, the court need not address Plaintiff's alternative theories of partial performance and estoppel.

## II. Breach of Implied Contract

Plaintiff's second claim for relief alleges in the alternative that a contract between Plaintiff and Defendants may be implied as a matter of law based on the facts alleged in the complaint. See Youngman v. Nevada Irrigation Dist., 70 Cal.2d 240, 246-247 (1969) ("In

pleading a cause of action on an agreement implied from conduct only the facts from which the promise is implied must be alleged"). Here, as Defendants point out, what is at issue is not the existence of a contract but the existence of a particular term. Specifically, in order for Plaintiff to adequately allege a claim for breach of implied contract in this action, she must allege facts from which the court could infer there was an agreement between the parties that obliged Defendants to pay Plaintiff 5% of the gross income from the online bridge tournament business for as long as Defendants received income from online tournaments and Plaintiff lived. The court agrees with Defendants that absolutely no facts have been alleged that would allow for such an inference.

What the court can infer from the factual allegations in the complaint is that, between 2004 and 2007, Plaintiff applied her considerable experience and expertise to the development and promotion of Defendants' online bridge tournament business and was compensated at the rate of 5% of the gross proceeds. There is absolutely nothing in the *behavior* of the parties that bespeaks an agreement to pay or receive such compensation for an indefinite and continuing period after Plaintiff's performance of the contract had been completed. While Plaintiff has adequately expressed her subjective expectations from the agreement and has expressed her personal reasons for foregoing an equity stake in the enterprise – the usual means for receiving a share of the proceeds over an indefinite period of time – there is no outward manifestation by either party to indicate that there was mutual assent to the alleged term of the contract entitling Plaintiff to a 5% share indefinitely. Defendants motion to dismiss Plaintiff's second claim for relief will therefore be granted.

To avoid any potential confusion, the court wishes to make express the limited scope of the motion before it and consequently the limited scope of the it's ruling. Only two questions are before the court; first, is Plaintiff's first claim for relief barred by California's Statute of Frauds and, second, may the court imply from the *conduct* of the parties as alleged in the FAC the existence of a term of an agreement that grants to Plaintiff a 5% share of gross

7

receipts for an indefinite and continuing period of time?  The court has answered both questions in the negative.  What is not before the court, and what is therefore not part of the court's decision, is any question as to whether Plaintiff's claim of breach of express contract is otherwise adequately alleged or whether there exists sufficient evidence of the existence of a term of agreement that grants Plaintiff a 5% share of the gross revenues for an indefinite period of time.  As the parties are no doubt aware, the court must assume the truth of allegations set forth in the complaint when deciding a motion to dismiss.  Hospital Bldg. Co., 425 U.S. at 740.  Thus, if it is Defendants' intent to challenge the adequacy of Plaintiff's allegation of breach of express contract as set forth in the FAC, they must do so by way of a further motion to dismiss.  If Defendants intend to challenge Plaintiff's claim of breach of express contract on the ground of insufficiency or absence of evidence to establish such an agreement, they must do so by way of a motion for summary judgment.

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).  Here, it is not clear whether or not the deficiency could be cured with respect to Plaintiff's second claim for relief.  The court does recognize, however, that Plaintiff could plead an alternative theory of recovery – such as unjust enrichment – where the claim for breach of implied contract is unavailing.  Thus, the court will grant leave to amend the complaint.

THEREFORE, for the reasons discussed above, Defendants' motion to dismiss Plaintiff's first claim for relief for breach of express contract is hereby DENIED.  Defendants' motion to dismiss Plaintiff's second claim for relief for breach of implied contract is hereby GRANTED.  Plaintiff's second claim for relief for breach of implied contract is hereby DISMISSED.  Leave to amend the FAC is hereby GRANTED.  Any

further amendment of the complaint shall be filed and served not less than 20 days from the date of service of this order.

IT IS SO ORDERED.

Dated: May 28, 2009        /s/ Anthony W. Ishii
                           CHIEF UNITED STATES DISTRICT JUDGE